# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 7:05CR00021 |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **CLARENCE LORENZO MANNS,** | ) | |
| | ) | By: James P. Jones |
| Defendant. | ) | Chief United States District Judge |

On September 9, 2005, the court sentenced the defendant in connection with a crack cocaine conviction. In so doing, the court considered the federal sentencing guidelines as required under 18 U.S.C. § 3553(a).

Pursuant to its statutory authority, the United States Sentencing Commission has amended the federal advisory sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, effective November 1, 2007. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to the provisions of 18 U.S.C. § 3582(c)(2).

On March 7, 2008, the court received a letter from the defendant which the court treated as a Motion to Reduce Sentence pursuant to § 3582(c)(2).

Having considered the defendant's Motion to Reduce Sentence, the court concludes that the motion must be denied.  The defendant plead guilty to possession with intent to distribute crack cocaine, aiding and abetting, in violation of 21 U.S.C. § 841(a)(1).  In accord with the plea agreement, the defendant was held responsible for 71 grams of cocaine powder and 1.8 grams of crack cocaine.  For purposes of calculating the base offense level, the cocaine powder and crack cocaine are converted into kilograms of marijuana.  Seventy-one grams of cocaine powder is the equivalent of 14.2 kilograms of marijuana, and 1.8 grams of crack cocaine is the equivalent of 18 kilograms of marijuana.  With 32.2 kilograms of marijuana, the defendant's base offense level is 18.  However, the defendant's criminal history as detailed in the Presentence Investigation Report submitted to this court on July 28, 2005, indicates that the defendant is a career offender as defined in USSG § 4B1.1.  Accordingly, his offense level is determined by reference to the table contained in that section.  Therefore, the defendant's offense level is 32.  Upon the government's motion, the defendant received a three-level reduction for acceptance of responsibility, giving him a Total Offense Level of 29.  As a career offender, his Criminal History Category is VI.  Thus, the amended guidelines recommend a term

of imprisonment between 151 and 188 months, the same as at the defendant's original sentencing. Pursuant to a Substantial Assistance Motion, the court sentenced the defendant to 48 months. Because the recommended guideline range has not changed, this court will not further reduce the defendant's sentence.

Accordingly, it is **ORDERED** that the defendant's Motion to Reduce Sentence (Doc. No. 81) is **DENIED**.

The Clerk will send copies of this order to the defendant at his place of confinement and to the United States Attorney's Office.

ENTER: March 13, 2008

/S/ JAMES P. JONES
Chief United States District Judge